UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CERTAIN UNDERWRITERS AT**
**LLOYD'S, LONDON,**

    **Plaintiff,**

v.                                        Case No.  8:10-cv-688-T-30AEP

**BEST FOR LESS FOOD MART, INC.,**
**et al,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Summary Judgment against all the Defendants in this case (Dkt. 33).  None of the Defendants filed a response to this motion.  The Court, having considered the motion, record evidence, and being otherwise advised of the premises, concludes that Plaintiff's motion should be granted in part.

## BACKGROUND

Plaintiff Certain Underwriters at Lloyd's, London ("Plaintiff" or "Underwriters") filed this lawsuit against Best for Less Food Mart, Inc. ("Best for Less"), Nasser Ayyoub, individually and d/b/a Best for Less Food Mart (hereinafter collectively referred to as "Nasser Ayyoub"), Wendy Ayyoub, individually and d/b/a Best for Less Food Mart (hereinafter collectively referred to as "Wendy Ayyoub"), Osama "Sam" Ayyoub (hereinafter referred to as "Sam Ayyoub), Sally Garcia as Personal Representative of the Estate of

Samuel Garcia, David Holdsworth, John Holdsworth, Sr., and Leslie Holdsworth on March 23, 2010. Plaintiff's complaint seeks a judicial declaration that it has no obligation to defend or indemnify Best for Less Food Mart, Inc., its principals, and employees in an underlying lawsuit styled *Sally Garcia as Personal Representative of the Estate of Samuel Garcia, III v. Best for Less Food Mart, Inc., et al.*, currently pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Civil Action File No. 09-CA-31023 (the "Underlying Lawsuit").

The Clerk entered default against Sam Ayyoub on April 29, 2010, and defaults against Best for Less, Nasser Ayyoub, and Wendy Ayyoub on April 30, 2010, for their failure to file any response to the complaint. Accordingly, pursuant to Fed. R. Civ. P. 55(b), Plaintiff requested that the Court enter default judgments against them finding that it owed no duty to defend and/or indemnify them in the Underlying Lawsuit. On June 21, 2010, the Court entered an order granting the default judgment and ruling that Plaintiff owed no duty to defendant Sam Ayyoub, Best for Less, Nasser Ayyoub, and Wendy Ayyoub in the Underlying Lawsuit (Dkt. 32).

Plaintiff now moves for an entry of summary judgment against all of the Defendants. No Defendant has filed a response to the motion. However, as discussed in more detail below, an entry of summary judgment would be inappropriate as to Sam Ayyoub, Best for Less, Nasser Ayyoub, and Wendy Ayyoub, because a default judgment has already been entered against them. Thus, summary judgment is only appropriate as to the remaining Defendants, i.e., Sally Garcia as Personal Representative of the Estate of Samuel Garcia,

David Holdsworth, John Holdsworth, Sr., and Leslie Holdsworth, because there are no genuine issues of fact precluding an entry of judgment against them as a matter of law.

## **DISCUSSION**

### I.     **Summary Judgment Standard**

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. Id. Throughout this analysis, the court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. Id. at 255.

Once a party properly makes a summary judgment motion by demonstrating the absence of a genuine issue of material fact, whether or not accompanied by affidavits, the nonmoving party must go beyond the pleadings through the use of affidavits, depositions, answers to interrogatories and admissions on file, and designate specific facts showing that there is a genuine issue for trial. *Celotex*, 477 U.S. at 324. The evidence must be significantly probative to support the claims. *Anderson*, 477 U.S. at 248-49 (1986).

This Court may not decide a genuine factual dispute at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). "[I]f factual issues are present, the Court must deny the motion and proceed to trial." *Warrior Tombigbee Transp. Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Hoffman v. Allied Corp.*, 912 F.2d 1379 (11th Cir. 1990). However, there must exist a conflict in substantial evidence to pose a jury question. *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989).

A district court cannot base the entry of summary judgment on the mere fact that a motion for summary judgment was unopposed, but, rather, must consider the merits of the motion. *Dunlap v. Transamerica Occidental Life Ins. Co.*, 858 F.2d 629, 632 (11th Cir. 1988) (per curiam). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. *Id.* At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam) ("[T]he district court cannot grant a motion for summary judgment merely for lack of any response by the opposing party, since the district court must review the motion and the supporting papers to determine whether they establish the absence of a genuine issue of material fact."). In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary

judgment must "indicate that the merits of the motion were addressed." *Dunlap*, 858 F.2d at 632.

## II.     Plaintiff's Motion for Summary Judgment

As an initial matter, the Court points out that Plaintiff's motion for summary judgment as to Sam Ayyoub, Best for Less, Nasser Ayyoub, and Wendy Ayyoub, must be denied because a default judgment has already been entered against them. *See Phillips Factors Corp. v. Harbor Lane of Pensacola, Inc.*, 648 F. Supp. 1580, 1582 (M.D.N.C. 1986) (discussing the difference between a default judgment and summary judgment); *Continental Ins. Co. v. Huff Enterprises Inc.,* 2009 WL 3756630, at *5 (E.D.N.Y. 2009) (same).

As to Sally Garcia as Personal Representative of the Estate of Samuel Garcia, David Holdsworth, John Holdsworth, Sr., and Leslie Holdsworth (the "Remaining Defendants"), an entry of judgment as a matter of law is appropriate because there are no genuine issues of fact. Plaintiff seeks a judicial declaration as to its duty to defend and indemnify Best for Less, Nasser Ayyoub, Wendy Ayyoub, and Sam Ayyoub in the underlying wrongful death lawsuit filed against them by the Garcia Estate. All of the allegations against these Defendants arise out of the sale of alcohol to a minor, David Holdsworth, in violation of Florida's Dram Shop Act (F.S.A. §768.125). However, the record is clear that Plaintiff's insurance policy contains a Liquor Liability Exclusion that expressly excludes:

> c.      "Bodily Injury" or "Property Damage" for which any insured may be held liable by reason of:
>
> > (1)     Causing or contributing to the intoxication of any person;

  (2)  The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

  (3)  Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

(Dkt. 1, Ex. D).

As Plaintiff points out in its motion for summary judgment, Florida courts have routinely upheld liquor liability exclusions, including exclusions identical to Plaintiff's. *See, e.g., Preferred National Ins. v. Fat Investors, Inc.*, 842 So. 2d 1068 (Fla. 4th DCA 2003); *Scarlet O'Hara's, Inc. v. Sphere Drake Ins. Co.*, 715 So. 2d 317 (Fla. 1st DCA 1998); *Baker v. Casualty Ind. Exchange*, 561 So. 2d 1314 (Fla. 4th DCA 1990); *U.S.F.G. v. Hazen*, 346 So. 2d 632 (Fla. 2d DCA 1977).

Accordingly, because there is no genuine issue of material fact that the Garcia Estate's pleading in the Underlying Lawsuit unequivocally shows the applicability of the Policy's Liquor Liability Exclusion, the Court finds that Plaintiff is entitled to summary judgment as a matter of law against the Remaining Defendants.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Summary Judgment against all the Defendants in this case (Dkt. 33) is hereby GRANTED IN PART AND DENIED IN PART.

2. Plaintiff's Motion for Summary Judgment as to Defendants Best for Less Food Mart, Inc., Nasser Ayyoub, individually and d/b/a Best for Less Food Mart, Wendy Ayyoub, individually and d/b/a Best for Less Food Mart, and Osama

"Sam" Ayyoub is DENIED because a default judgment has already been entered against these Defendants. This denial includes Plaintiff's request for the attorneys' fees and costs associated with defending Best For Less in the Underlying Lawsuit, because those damages were not part of the motion for default judgment or the default judgment.

3. Plaintiff's Motion for Summary Judgment as to Defendants Sally Garcia as Personal Representative of the Estate of Samuel Garcia, David Holdsworth, John Holdsworth, Sr., and Leslie Holdsworth is GRANTED as set forth herein. As to these Defendants, the Court holds that:

(a) Underwriters does not owe a duty to defend and/or indemnify Best for Less Food Mart, Inc., Nasser Ayyoub, individually and d/b/a Best for Less Food Mart, Wendy Ayyoub, individually and d/b/a Best for Less Food Mart, and Osama "Sam" Ayyoub for the claims asserted and/or damages sought in the Underlying Lawsuit; and

(b) Underwriters does not owe a duty to defend and/or indemnify Best for Less Food Mart, Inc., Nasser Ayyoub, individually and d/b/a Best for Less Food Mart, Wendy Ayyoub, individually and d/b/a Best for Less Food Mart, and Osama "Sam" Ayyoub for the claims asserted and/or damages sought in the Underlying Lawsuit, including, but not limited to, any and all liability alleged by reason of causing or contributing to the intoxication of a minor, David Holdsworth, furnishing alcoholic

       beverages to David Holdsworth who was under the legal drinking age at the time of the accident, and/or for selling alcohol to David Holdsworth in violation of F.S.A. §768.125, or any other minor.

4. The CLERK is directed to enter FINAL SUMMARY JUDGMENT in favor of Plaintiff and against Defendants Sally Garcia as Personal Representative of the Estate of Samuel Garcia, David Holdsworth, John Holdsworth, Sr., and Leslie Holdsworth.

5. The CLERK is directed to CLOSE this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 23, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-688.msj.frm