**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CERTAIN UNDERWRITERS AT**
**LLOYD'S, LONDON,**

    **Plaintiff,**

**v.**                          **Case No.  8:10-cv-688-T-30AEP**

**BEST FOR LESS FOOD MART, INC.,**
*et al.*,

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Trustee Traci K. Stevenson's First Amended Motion to Substitute as Defendant for "Best for Less Food Mart, Inc.," Nasser Ayyoub, Wendy Ayyoub, and Osama Ayyoub (Dkt. 41) and Plaintiff Certain Underwriters at Lloyd's, London's Response in Opposition (Dkt. 44).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

Nearly five years ago, Plaintiff Certain Underwriters at Lloyd's, London filed the instant declaratory judgment action asking this Court to determine its rights and obligations to defend and indemnify Defendants Best for Less Food Mart, Inc., Nasser Ayyoub, Wendy Ayyoub, and Osama Ayyoub (the "Best for Less Defendants") under an insurance contract

for a wrongful death lawsuit filed by the Estate of Samuel Garcia. The Garcia Estate sued the Best for Less Defendants for willfully selling alcohol to a minor, who later got drunk and killed Mr. Garcia.

On June 21, 2010, the Court entered a default judgment against the Best for Less Defendants (Dkt. 32). The judgment held that Underwriters did not owe a duty to defend or indemnify the Best for Less Defendants in the Garcia Lawsuit. On August 23, 2010, the Court entered final summary judgment against the Garcia Estate (Dkt. 36). The Court held that Underwriters' insurance contract did not provide coverage for the Garcia Lawsuit because the subject policy's Liquor Liability Exclusion expressly barred coverage under the relevant facts. The Court noted that: "Florida courts have  routinely upheld liquor liability exclusions, including exclusions identical to Plaintiff's." (Dkt. 35). The judgments were not appealed.

The Best for Less Defendants were ultimately found liable in the Garcia Lawsuit for willfully selling alcohol to a minor. A jury returned a verdict of approximately $500 million dollars in compensatory and punitive damages. At some point during the underlying trial, Nasser and Wendy Ayyoub filed for Chapter 7 bankruptcy protection. In December 2013, the Trustee filed an adversary proceeding against Underwriters and others seeking to recover $500 million dollars for the unsatisfied judgment entered against the Best for Less Defendants in the Garcia Lawsuit. The Trustee alleged that Underwriters must pay the Best for Less Defendants the judgment amount for its failure to defend and/or indemnify them.

The Bankruptcy Court dismissed the Trustee's lawsuit on various grounds, including that it was barred by this Court's judgments in this case. In relevant part, the Bankruptcy Court held that the Trustee's claims were barred on collateral estoppel grounds because this Court held in this case, as a matter of law, that Underwriters had no obligation to defend or indemnify the Best for Less Defendants or their employee for the Garcia Lawsuit based on a clear and unambiguous liquor liability exclusion.

Now, almost five years later, Traci K. Stevenson, the Chapter 7 Trustee of Nasser and Wendy Ayyoub seeks to substitute in this case as a defendant in an apparent attempt to collaterally attack the Court's prior judgments. As the response points out, the Trustee has not provided the Court with any basis as to why she should be entitled to substitute into this case to launch a collateral attack seeking to void this Court's final judgment nearly five years later. In a footnote, the Trustee claims that she may seek to void the judgments under Rule 60(b)(4) of the Federal Rules of Civil Procedure, claiming that the Court lacked jurisdiction to enter the final judgments in this case. This argument fails because, as explained below, the Court clearly had an arguable basis for jurisdiction; the Court had diversity jurisdiction and the Trustee's arguments to the contrary are without merit.

## DISCUSSION

### I.      Substitution under Rule 25(c)

The Trustee seeks substitution under Rule 25(c) of the Federal Rules of Civil Procedure that provides, in relevant part:

**(c) Transfer of Interest.** If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Courts have recognized that substitution under Rule 25(c) may be permitted after entry of a judgment; these cases, however, typically involve the substitution of a party to *enforce* a judgment. *See e.g. Vision Bank v. Algernon Land Co., L.L.C.*, No. 10-00172-N, 2012 WL 827011, at *2 (S.D. Ala. Mar. 12, 2012); *see also Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 153-54 (6th Cir. 1992).

The Trustee's motion does not provide any authority permitting a party to substitute in a case nearly five years after entry of final judgment for the purpose of moving to vacate the judgment. And the Court concludes that substitution under Rule 25(c) is inappropriate under these facts. Nonetheless, even if the Court permitted substitution, it would be futile because the Trustee has not identified an appropriate basis to void the final judgment.

## II.     Vacating a Judgment under Rule 60(b)(4)

Rule 60(b)(4) authorizes a court to relieve a party from a final judgment if "the judgment is void." "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271.

The *Espinosa* Court further noted that federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have granted relief only for the exceptional case in which the court that rendered the judgment lacked even an "arguable basis" for jurisdiction. *Id.* The Eleventh Circuit has followed the *Espinosa* holding in finding that Rule 60(b)(4) applies only where "the court that rendered judgment lacked even an 'arguable basis' for exercising jurisdiction." *Pierce v. Kyle*, 535 Fed. Appx. 783, 785 (11th Cir. 2013) (citing *Espinosa*, 559 U.S. at 271).

The Trustee has not established that this Court lacked an "arguable basis" for jurisdiction. Underwriters' complaint alleged that the Court had subject matter diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Underwriters' lead underwriter was diverse from all the defendants and the amount in controversy exceeded $75,000. The Trustee does not dispute that this Court was sitting in diversity; the Trustee argues that the Court nevertheless lacked jurisdiction because of a Florida "door-closing statute."[1] This argument is without merit because section 626.903 does not deprive *this Court* of jurisdiction. Indeed, courts have held that similar Florida door-closing statutes do not limit the federal district court's jurisdiction. *See Baker County Med. Servs., Inc. v. Summit Smith, L.L.C.*, No. 3:05-cv-541-J-33HTS, 2007 WL 1229702, at \*8 (M.D. Fla. Apr. 25, 2007) (discussing same).

---

[1] Florida Statute § 626.903 prohibits "unauthorized insurers" from instituting, filing, or maintaining "any suit, action, or proceeding in [Florida] to enforce any right, claim, or demand arising out of any insurance transaction in [Florida]" unless the transaction being adjudicated qualifies for an exemption under section 624.402.

In *Summit Smith*, the district court noted that: "The Florida courts hold the failure to comply with the Florida [door-closing] statute is an affirmative defense to an action . . ."[2] *Id.* (quoting *Norman M. Morris Corp. v. Weinstein,* 466 F.2d 137, 142 (5th Cir. 1972) (citing *Farrell v. Forest Inv. Co.,* 74 So. 216, 224 (Fla. 1917)). In *Weinstein*, the Fifth Circuit held that a Florida statute prohibiting a non-registered foreign corporation from maintaining lawsuits in Florida did "not limit the jurisdiction of the federal district courts in Florida." 466 F.2d at 142. Specifically, "[o]nly Congress has the prerogative of defining the jurisdiction of the lower federal courts . . ." *Id.*; *see also Arthur v. JP Morgan Chase Bank, NA*, 569 Fed. Appx. 669, 679-80 (11th Cir. 2014) (citing *Weinstein* and noting that: "While Florida statutes may bear on whether the Appellants have properly stated a sufficient claim for relief that would survive a dismissal under Federal Rule of Civil Procedure 12(b)(6), they do not necessarily have any bearing on the power of the federal courts to hear this case.").

Accordingly, the Trustee's attempt to vacate the Court's judgments based on her argument that the judgments are void for lack of jurisdiction fails on the merits. The Trustee does not present any other compelling basis to vacate the Court's judgments in this case, especially in light of the passage of time since the entry of the judgments. Thus, her motion to substitute will be denied.

It is therefore ORDERED AND ADJUDGED that:

---

[2] Notably, the Best for Less Defendants did not assert the door-closing statute as an affirmative defense in this case; thus, this defense was waived. *See Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010) (noting that "[f]ailure to plead an affirmative defense generally results in a waiver of that defense.").

1.      Trustee Traci K. Stevenson's First Amended Motion to Substitute as Defendant for "Best for Less Food Mart, Inc.," Nasser Ayyoub, Wendy Ayyoub, and Osama Ayyoub (Dkt. 41) is denied.

2.      Trustee's Motion for Leave to File Reply (Dkt. 45) is denied as moot.

3.      This case shall remain closed.

**DONE** and **ORDERED** in Tampa, Florida on February 18, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2010\10-cv-688.mtsubstitute-deny-41.frm